UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ROBERT L. SIMS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )  NO. 3:04 CV 780 |
| | ) |
| INDIANA DEPARTMENT OF | ) |
| CORRECTION, *et al.*, | ) |
| | ) |
|     Defendants. | ) |

## MEMORANDUM AND ORDER

Robert Sims, a prisoner confined at the Westville Correctional Facility, submitted a complaint under 42 U.S.C. § 1983 alleging that Indiana Department of Correction officials denied him needed medical treatment. The court must review the merits of a prisoner complaint seeking redress from a governmental entity or officer or employee of a governmental entity, and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. When determining whether a prisoner's complaint fails to state a claim upon which relief can be granted, courts apply the same standard under § 1915A as they would when addressing a motion to dismiss under FED.R.CIV.P. 12(b)(6). *Weiss v. Colley*, 230 F.3d 1027, 1029 (7th Cir. 2000). Therefore, Mr. Sims' claim may be dismissed "only if it appears beyond doubt that [he] can prove no set of facts in support of his claim which would entitle him to relief." *Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (internal quotation marks and citations omitted). However, as "[a]llegations of a pro se complaint are held to less

stringent standards than formal pleadings drafted by lawyers," Mr. Sims' complaint shall be "liberally construed." *Id.* (internal quotation marks and citation omitted).

Mr. Sims brings this action under 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. *Bell v. City of Milwaukee*, 746 F.2d 1205 (7th Cir. 1984). To state a claim under § 1983, a plaintiff must allege violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. *West v. Atkins*, 487 U.S. 42 (1988). The first inquiry in every § 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. *Baker v. McCollan*, 443 U.S. 137, 140 (1979).

Mr. Sims names the Indiana Department of Correction and two of its facilities — the Reception and Diagnostic Facility and the Westville Correctional Facility — as defendants. The Constitution's Eleventh Amendment provides: "The Judicial Power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." The Eleventh Amendment bars "a suit by a citizen against the citizen's own State in Federal Court." *Johns v. Stewart*, 57 F.3d 1544, 1552 (7th Cir. 1995). The Eleventh Amendment's jurisdictional bar extends to state agencies, such as the Westville Correctional Center, as well as to the State itself. *See Kashani v. Purdue University*, 813 F.2d. 843 (7th Cir. 1987). A State may elect to waive its

Eleventh Amendment immunity, but Indiana has not done so. *Meadows v. State of Indiana*, 854 F.2d 1068, 1069 (7th Cir. 1988).

Mr. Sims alleges that he has skin cancer (melenoma) on his nose, and that the defendants' failure to promptly treat this condition resulted in his becoming disfigured. Mr. Sims alleges that he arrived at the Reception and Diagnostic Center on or about April 20, 2004. Dr. James Gaither and Nurse Pam England examined him and diagnosed him with basil cell cancer. Dr. Gaither prescribed ointment and physonex soap. Mr. Sims alleges that he spent twenty-one days at the Reception and Diagnostic Center and received no further treatment.

Mr. Sims alleges that he arrived at the Westville Correctional Center on May 10, 2004. Nurse Jones was aware of his medical problem, but he alleges she did not inform senior medical staff and it took until July 19, 2004, until he got any medical treatment. Mr. Sims alleges that "[b]ecause of this delay in treating his condition, doctors at Wishard Hospital removed one-third of his nose."

A violation of the Eighth Amendment's cruel and unusual punishments clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of "deliberate indifference" to the deprivation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Wilson v. Seiter*, 501 U.S. 294 (1991). In medical cases, the Eighth Amendment test is expressed in

3

terms of whether the defendant was deliberately indifferent to the plaintiff's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

A medical need is serious, within the meaning of *Estelle*, only if it is "life threatening or poses a risk of needless pain or lingering disability if not treated at once." *Davis v. Jones*, 936 F.2d 971, 972 (7th Cir. 1991). "A 'serious' medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997).

Because deliberate indifference is comparable to criminal recklessness, *Farmer*, 511 U.S. at 837, a plaintiff must demonstrate more than an inadvertent failure to provide medical care or negligence in treating a medical condition, *Estelle*, 429 U.S. at 105-07; *Gil v. Reed*, 381 F.3d 649, 664 (7th Cir. 2004). He must show "something approaching a total unconcern for [his] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm." *Duane v. Lane*, 959 F.2d 673, 677 (7th Cir. 1992) (citing *McGill v. Duckworth*, 944 F.2d 344 (7th Cir. 1991)). "Regardless whether the defendants intended harm, they need only have known of a substantial risk to inmate safety that they easily could have prevented but did not." *Hall v. Bennett*, 379 F.3d 462, 464 (7th Cir. 2004).

Mr. Sims states that Dr. Gaither diagnosed his medical condition and prescribed treatment. The Reception and Diagnostic Center is designed to hold inmates entering the Indiana Department of Corrections for a short period of time to classify them and

4

assign them to a permanent institution. Nothing in the complaint suggests that Dr. Gaither and Nurse England were deliberately indifferent to Mr. Sims's serious medical needs for the three weeks he was confined at the Reception and Diagnostic Center.

Eighth Amendment principles prohibit prison officials "from intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Gil*, 381 F.3d at 649. Mr. Sims alleges that Nurse Jones was aware of his medical problem but did not inform the doctors at the Westville Correctional Facility for several months, delaying his treatment and causing him to lose a portion of his nose. Giving Mr. Sims the benefit of the inferences to which he is entitled at the pleadings stage, the court cannot say that he can prove no set of facts consistent with his deliberate indifference claim against Nurse Jones.

Mr. Sims also names Westville Correctional Facility Superintendent Ed Buss as a defendant, alleging that he is responsible for the delay in treatment "due to the fact that he is responsible for the ongoings at this facility." Section 1983 creates a cause of action for damages based on personal liability; a plaintiff must show the defendant's personal involvement or participation, or direct responsibility for the conditions of which he complains. *Rascon v. Hardiman*, 803 F.2d 269, 273 (7th Cir. 1986); *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983). The doctrine of *respondeat superior*, under which a supervisor may be held liable for an employee's actions, has no application to § 1983 actions. *Zimmerman v. Tribble*, 226 F.3d 568 (7th Cir. 2000); *Moore v. State of Indiana*, 999 F.2d 1125, 1129 (7th Cir. 1993); *Adams v. Pate*, 445 F.2d 105, 107 (7th Cir. 1971). There is

5

no suggestion in the complaint that Supt. Buss had any personal involvement in any health care decision regarding Mr. Sims. A prison superintendent is not "directly involved in the day-to-day operation of the prison hospital such that he would have personally participated in, or have knowledge of, the kinds of decisions that lead to the delay in treatment complained of by [plaintiff]." *Duncan v. Duckworth*, 644 F.2d 653, 656 (7th Cir. 1981).

Finally, Mr. Sims alleges that Correctional Officers Cain and Kessler "taunted me & made fun of my serious medical situation." There is, however, "a *de minimis* level of imposition with which the Constitution is not concerned," *Ingraham v. Wright*, 430 U.S. 651, 674 (1977), and verbal abuse and harassment are not sufficient to state a claim under § 1983. *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987); *Oltarzewksi v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987). Officers Cain and Kessler may have been unprofessional in taunting Mr. Sims and making fun of his disfigurement, but their actions did not violate any Constitutional provision.

For the foregoing reasons, the court:

(1) **GRANTS** plaintiff leave to proceed against Nurse Jones, in her individual capacity, for damages on his Eighth Amendment claim that she was deliberately indifferent to his serious medical needs;

(2) **DISMISSES**, pursuant to 28 U.S.C. § 1915A(b), the Indiana Department of Correction, the Reception and Diagnostic Center, the Westville Correctional Center, Nurse Pam England, Dr. James Gaither, Ed Buss, Sgt. Cain, and Sgt. Keeler, and all

claims presented in the complaint other than plaintiff's Eighth Amendment claim that Nurse Jones was deliberately indifferent to his serious medical needs;

(3) Pursuant to 42 U.S.C. § 1997e(g)(2), **ORDERS** that defendant Jones respond to the complaint as provided for in the FEDERAL RULES OF CIVIL PROCEDURE; and,

(4) **DIRECTS** the marshals service to effect service of process on defendant Jones on the plaintiff's behalf, and **DIRECTS** the clerk's office to ensure that a copy of this order is served on her along with the summons and complaint.

**SO ORDERED.**

**Enter**: April 27, 2005

                                                   s/James T. Moody  
                                                  JUDGE JAMES T. MOODY  
                                                  UNITED STATES DISTRICT COURT