UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ROBERT SIMS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     v. | )   CAUSE NO. 3:04 CV 780 |
| | ) |
| INDIANA DEPARTMENT OF | ) |
| CORRECTION, *et al.*, | ) |
| | ) |
|     Defendants. | ) |

## OPINION AND ORDER

Robert Sims, a prisoner committed to the Indiana Department of Correction, submitted a complaint under 42 U.S.C. § 1983, alleging violation of his federally protected rights while he was housed at the Westville Correctional Facility. The court screened Mr. Sims's amended complaint pursuant to 28 U.S.C. § 1915A, allowed him to proceed against Nurse Jones on his claim that she was indifferent to his serious medical needs. and dismissed all other claims and defendants. Nurse Jones moves for summary judgment, pursuant to FED. R. CIV. P. 56, solely on the question of whether Mr. Sims exhausted his administrative remedies as required by 42 U.S.C. § 1997e(a). Mr. Sims has not responded to the defendant's summary judgment motion.

    Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Although the moving party must initially identify the basis for its contention that no genuine issue of material fact exists, the nonmoving party cannot rest on his pleadings, but must produce his own evidence. *Hughes v. Joliet Correctional Ctr.*, 931 F.2d 425, 428 (7th Cir. 1991). Rule 56(e) requires that the nonmoving party who bears the burden of proof on an issue for trial allege specific facts showing that there is a genuine issue for trial by his own affidavits or by the depositions, answers to interrogatories, and admissions on file. *Celotex Corp.*, 477 U.S. at 324.

> . . . In considering whether any genuine issues of material fact exist, we view the record and extract all reasonable inferences from the evidence in the light most favorable to the nonmoving party. However, the nonmoving party "must do more than simply show that there exists some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Only disputes that could affect the outcome of the suit under governing law will properly preclude the entry of summary judgment.

*McGinn v. Burlington Northern R.R. Co.*, 102 F.3d 295, 298 (7th Cir. 1996).

Pursuant to 42 U.S.C. § 1997e(a), prisoners must utilize any available prison grievance procedure before they may file a § 1983 claim regarding conditions of confinement. *Booth v. Churner*, 532 U.S. 731 (2001); *Perez v. Wisconsin Dept. of Corrections*, 182 F.3d 532, 537 (7th Cir. 1999). Section 1997e "applies to 'all inmate suits, whether they involve general conditions or particular episodes, and whether they allege excessive force or some other wrong.'" *Dixon v. Page*, 291 F.3d 485, 488 (7th Cir. 2002), quoting *Porter v. Nussle*, 534 U.S. 516, 122 (2002). Exhaustion of administrative remedies is a condition precedent to suit in federal court. *Perez v. Wisconsin Dept. of Corrections*, 182 F.3d at 335.

"For a prisoner to exhaust his remedies within the meaning of § 1997e(a), he must 'file complaints and appeals in the place, and at the time, the prison's administrative rules require.'" *Burrell v. Powers*, __ F.3d. __, 2005 WL 3336517 at *2 (7th Cir. Dec. 9, 2005), quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). A prisoner who has not appealed the dismissal of his grievance has not exhausted his administrative remedies for purposes of § 1997e(a). *Dixon v. Page*, 291 F.3d 485, 490 (7th Cir. 2002).

Although not depriving the courts of subject-matter jurisdiction, the comprehensive administrative exhaustion requirement requires dismissal of any case in

which an available administrative remedy has not been exhausted. *Massey v. Wheeler*, 221 F.3d 1030 (7th Cir. 2000). Dismissal of a complaint pursuant to 28 U.S.C. § 1997e(a) should be without prejudice. *Perez v. Wis. Dept. of Corr.*, 182 F.3d at 534.

In support of her summary judgment motion, Nurse Jones submits the affidavit of Westville Correctional Facility Grievance Specialist Larry Hawkins, and records of grievances Mr. Sims filed. The defendant's submissions establish that the Indiana Department of Correction ("IDOC") had a grievance procedure in effect while Mr. Sims was housed at the Westville Correctional Facility and that the issue presented by Mr. Sims was grievable. Mr. Hawkins states in his affidavit that he searched Mr. Sims's grievance records and found that Mr. Sims filed two grievances dealing with his medical treatment.

But that Mr. Sims filed grievances does not end the court's § 1997e(a) inquiry. Mr. Hawkins states in his declaration that "(a)n offender who is not satisfied with the response to his grievance may pursue the mater" by appealing the response through several steps. (Hawkins declaration at p. 2). This statement is based on Mr. Hawkins's personal knowledge of IDOC policy, and is admissible evidence establishing an administrative appeal process within the grievance procedure. Mr. Hawkins also states in his declaration that Mr. Sims did not appeal the denial of either grievance to the second step of the IDOC's grievance procedure. A prisoner who does not take a timely administrative appeal of a grievance denial has not exhausted his administrative remedies for purposes of § 1997e(a). *Pozo*, 286 F.3d at 125; *Dixon*, 291 F.3d at 490.

Although Nurse Jones provided Mr. Sims with an extensive warning, pursuant to *Lewis v. Faulkner,* 689 F.2d 100 (7th Cir. 1982), of the consequences of not submitting an affidavit stating facts opposing her summary judgment motion, Mr. Sims has not submitted an affidavit stating facts dealing with the question of whether he attempted

3

to exhaust his administrative remedies. Because the defendant met her initial obligation under FED. R. CIV. P. 56, the burden fell upon Mr. Sims to come forth with evidence sufficient, if viewed as fully in his favor as reasonable, would allow a factfinder to decide in his favor the question of whether he exhausted his administrative remedies regarding the medical treatment provided by Nurse Jones. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). Because Mr. Sims has not come forth with admissible evidence that he appealed the unfavorable result of his two grievances dealing with medical treatment, he has not met his burden of coming forth with evidence sufficient which, if viewed reasonably in his favor, would allow a factfinder to decide the question of exhaustion of administrative remedies in his favor.

For the foregoing reasons, the court **GRANTS** defendant Jones's motion for summary judgment (docket #33) and **DISMISSES** this case without prejudice pursuant to 28 U.S.C. § 1997e(a).

**SO ORDERED**.

**ENTER**: December 22, 2005

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT